IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

    Plaintiff,                       No. CIV S-05-0441 GEB PAN P

  vs.

EVERT, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed April 28, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

/////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a
9 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
11 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13 complaint under this standard, the court must accept as true the allegations of the complaint in
14 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17    Plaintiff names fifteen defendants in the amended complaint.  The Civil Rights
18 Act under which this action was filed provides as follows:

19 > Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
20 > deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
21 > law, suit in equity, or other proper proceeding for redress.

22 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
23 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
24 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
25 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
26 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's claims against defendants Runnels, Armoskus, and Felker are based solely on a theory of respondeat superior and are therefore insufficient to state a cognizable claim for relief against any of these individuals. For that reason, the court will not order service of process on these three defendants.

The amended complaint states a cognizable claim for relief against the remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: C/O B. Evert; C/O F. Leckie; C/O A. Ervin; C/O J. Hoover; C/O J. Chenoweth; C/O M. Bitle; C/O J. Ginder; C/O G. McCoy; Correctional Sergeant G. Chatham; Correctional Lieutenant D. Van Leer; MTA C. Barton; and Dr. J. Rohlfing.

2. The Clerk of the Court shall send plaintiff twelve USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed May 9, 2005.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

   a. One completed summons;

   b. One completed USM-285 form for each defendant listed in number 1 above; and

   c. Thirteen copies of the endorsed amended complaint filed May 9, 2005.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States

1  Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
2  without payment of costs.
3  DATED: August 22, 2006.

_____<br>
UNITED STATES MAGISTRATE JUDGE

12
mcne0441.1am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

     Plaintiff,                        No. CIV S-05-0441 GEB PAN P

    vs.

EVERT, et al.,                        NOTICE OF SUBMISSION

     Defendants.                 OF DOCUMENTS

_____/

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

       _____ completed summons form

       _____ completed USM-285 forms

       _____ copies of the _____
                           Amended Complaint

DATED:

                                      _____
                                      Plaintiff