IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE McNEAL,

      Plaintiff,                              No. CIV S-05-0441 GEB EFB P

    vs.

EVERT, et al.,

      Defendants.                  FINDINGS AND RECOMMENDATIONS

                            /

       Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed May 9, 2005. On February 14, 2007, defendant Rohlfing filed an unenumerated Fed. R. Civ. P. 12(b) motion to dismiss for failure to exhaust administrative remedies prior to filing suit.

**I.    Summary of Facts**

       Plaintiff alleges that defendant correctional officers Evert, Lockie, Ervin, Hooven, Chenoweth, Bitle, Chatham, and Van Leer subjected plaintiff to excessive force during a July 11, 2004, incident. Plaintiff claims that defendant Rohlfing was deliberately indifferent to his medical needs as he failed to write a recommendation for a waist-chain as an alternative to handcuffs and document plaintiff's injuries following an injury to plaintiff's arm on September

1

10, 2001. *See* Amended Complaint (AC), at 2-3. Plaintiff has submitted evidence indicating he exhausted his administrative remedies as to the July 11, 2004, excessive force incident. However, his administrative appeals do not include the claim he now asserts in this lawsuit against defendant Dr. Rohlfing or any other physician for failure to provide adequate medical care.

**II. Standards Applicable to This Motion**

Defendant Rohlfing seeks dismissal under Rule 12(b) of the Federal Rules of Civil Procedure. While the Ninth Circuit has stated that Rule 12(b) is the proper mechanism for resolving questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined. The Ninth Circuit found that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[1] *Wyatt*, 315 F.3d at 1119. However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007). Federal courts appropriately consider affirmative defenses on summary judgment. Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

////
////
////

---

[1] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint. It is a motion in which defendant must raise and prove by evidence the absence of exhaustion. *Id.* In this regard, the Ninth Circuit in *Wyatt* provides further guidance. It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." *Id.*, n.14

## II. Rule 56 Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2] As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236,

---

[2] On November 15, 2006, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

### III.     Failure to Exhaust

The applicable statute, 42 U.S.C. § 1997e(a), provides in relevant part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id.*, at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id.*, at § 3084.5. A division head reviews appeals on the first formal level, *see Id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id.*, at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review,

exhausts the remedy. *Id*., at § 3084.1(a).

## IV. Analysis

As stated above, defendant Rohlfing contends that plaintiff cannot proceed with the claim directed against Rohlfing because plaintiff failed to exhaust the available administrative remedies as to that claim. Defendant cites to plaintiff's original complaint, filed April 28, 2005, in which he states that "[t]he 602 is at Director level reviwe [sic] Log No. 2-04-02379 B.O.C. No. 550845." Compl., at 2. Defendant also cites to plaintiff's response to the court's March 10, 2005, order to show cause, filed March 28, 2005, in which he states that he sent his appeal to the Director's Level on December 26, 2005, but rather than receive a response within 60 days, he received his 602 back. Plaintiff's Response to the Order to Show Cause, at 1. Plaintiff further responds that he "honestly thought that the courts put the complaint over to the side until the Board of Control date expire [sic]," and that he was just trying to file his case before a pending transfer that would cause him to be without his legal property for an unforeseen amount of time. *Id*., at 2; *see also id.* at 5-18. Defendant further points to plaintiff's amended complaint, part 2, in which the attached exhibits show plaintiff's appeal that was processed to the Director's Level and that contains no allegations against defendant Rohlfing.

Plaintiff concedes that he has not exhausted and asks the court to consider his complaint in light of the extenuating circumstance that he was awaiting transfer and therefore made a protective, premature, filing of his complaint. Based on this concession, the court finds that no reasonable jury could find that plaintiff satisfied the requirements of 42 U.S.C. § 1997e(a). Therefore, all other facts are rendered immaterial and defendant Rohlfing is entitled to judgment as a matter of law.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Rohlfing's February 14, 2007, motion to dismiss for failure to exhaust administrative remedies be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 28, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE