IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

      Plaintiff,                         No. CIV S-05-0441 GEB EFB P

   vs.

EVERT, et al.,

      Defendants.               <u>ORDER</u>

                              /

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Currently pending before the court is defendants' "request to vacate previously filed motion to modify the scheduling order" which the court construes as a second request to extend the due date for filing a motion for summary judgment. The scheduling order filed on November 14, 2007, set a deadline for filing dispositive motions. Defendants now request that the deadline be extended through May 30, 2008, the date that their motion for summary judgment was filed. For the reasons explained below, the request to modify the schedule is granted and the motion for summary judgment is accepted as timely filed.

       This action proceeds on the May 9, 2005, amended complaint. Several defendants' motions to dismiss were granted. The defendants still remaining in the case include Leckie, Ervin, Hooven, Ginder, Chatham, Barton, McCoy, Chenoweth and Van Leer. On November 14,

2007, the court issued an amended scheduling order directing the parties to file dispositive motions no later than May 8, 2008.  On May 6, 2008, defendants filed a motion to modify the amended schedule to extend the time for filing dispositive motions to May 29, 2008.  On May 30, 2008, defendants filed the instant request withdrawing the May 6, 2008, motion and asking instead that the time for filing dispositive motions be extended to May 30, 2008.  Defendants filed their motion for summary judgment on May 30, 2008.

A schedule may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  This standard is satisfied here.

The initial motion to modify the schedule demonstrates that counsel had reviewed discovery, the transcript of plaintiff's deposition and has consulted with the defendants and witnesses.  The request shows that he performed legal research and began to draft the motion for summary judgment but given the number of defendants in this action, he was not been able to complete the motion.  The request also shows that counsel was finalizing the defendants' declarations and attempting to obtain their signatures.  He sought an order permitting him until May 29, 2008, to file a complete, comprehensive motion for summary judgment.  Ultimately, counsel filed the motion on May 30, 2008.  The second request, seeking an extension through May 30, shows that counsel needed the extra day to complete final edits to the motion and supporting brief following internal reviews of those documents.

Good cause appearing therefore, it is ORDERED that:

1. The court accepts the May 30, 2008, motion for summary judgment as timely filed.

2.  Plaintiff shall, as directed in the court's June 25, 2008, order, file an opposition or statement of no opposition to the motion no later than 30 days from June 25, 2008.

////

////

1       3. The Clerk of the Court is directed to terminate numbers 81 and 82 on the docket.

2       So ordered.

3   Dated: July 10, 2008.

            EDMUND F. BRENNAN
            UNITED STATES MAGISTRATE JUDGE