IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

        Plaintiff,                    2:05-cv-0441-GEB-EFB-P

   vs.

EVERT, et al.,

        Defendants.          <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 11, 2008, plaintiff filed a request for reconsideration.

       This case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. On September 24, 2007, the magistrate judge issued findings and recommendations that defendants Evert and Bitle should be dismissed because plaintiff failed to return the USM-285 forms necessary to effect service on said defendants. Plaintiff filed objections to the findings and recommendations. Plaintiff also filed a declaration regarding the non-service of defendants Evert and Bitle. After reviewing the entire file, the undersigned issued an order adopting the findings and recommendations in full, and dismissed defendants Evert and Bitle from this action. Plaintiff now requests that the court

reinstate Evert and Bitle as defendants and give plaintiff additional time to locate their addresses for purposes of service of process.

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Plaintiff has failed to demonstrate any new or different facts or circumstances which did not exist or were not shown upon the prior motion. See E.D. Local Rule 78-230(k). Accordingly, IT IS ORDERED that plaintiff's request for reconsideration is hereby DENIED.

Dated: January 15, 2009

GARLAND E. BURRELL, JR.
United States District Judge

2