IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

    Plaintiff,                      No. CIV S-05-0441 GEB EFB P

    vs.

EVERT, et al.,

    Defendants.               <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's amended complaint, filed May 9, 2005, wherein he claims that defendants violated his constitutional rights when they destroyed and confiscated his personal property during a retaliatory cell search, used excessive force against him, and subsequently were deliberately indifferent to his medical needs. Pending before the court are plaintiff's six motions to compel further discovery responses, all filed on February 4, 2008. Also pending is defendants' May 30, 2008 motion for summary judgment and defendants' September 11, 2008 *nunc pro tunc* motion to amend defendant McCoy's responses to plaintiff's requests for admission. For the reasons stated below, the court denies plaintiff's motions to compel, denies defendants' motion for summary judgment without prejudice, and grants defendants' *nunc pro tunc* motion to amend defendant McCoy's responses.

1

In plaintiff's motions, he seeks to compel defendants Van Leer, Chatham, Ervin, Leckie, Ginder, and Barton to respond to his second set of interrogatories, propounded on November 8, 2007. On February 25, 2008, defendants opposed plaintiff's motions. Defendants argued that they should not be compelled to respond to plaintiff's second set of interrogatories because plaintiff has exceeded the 25 interrogatory limit of Rule 33(a)(1) of the Federal Rules of Civil Procedure. Pursuant to Rule 33(a)(1), "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). As evidenced by the attachments to plaintiff's motions, he has already propounded at least 25 interrogatories on each defendant through his first set of interrogatories. Plaintiff did not have leave of court to propound interrogatories in excess of those permitted by Rule 33(a)(1). Therefore, plaintiff's motions to compel responses to such interrogatories is denied.

However, the court finds that plaintiff has demonstrated good cause to modify the scheduling order to reopen discovery for a limited purpose, as herein defined. In his reply brief, filed March 17, 2008, plaintiff explains that he propounded a second set of interrogatories because he was dissatisfied with defendants' responses to his first set of interrogatories. Plaintiff further explains that he sought leave of court to propound his second sets of interrogatories on November 26, 2007, and again on November 29, 2007. Indeed, plaintiff sought leave of court on these dates to file additional interrogatories. However, it was not clear from plaintiff's filings that he was seeking leave to propound interrogatories in excess of the 25 allowed by Rule 33(a)(1). Since discovery had not closed at the time plaintiff filed his requests, the court determined that plaintiff was free to conduct discovery without leave of court, and disregarded his requests as unnecessary. *See* Apr. 9, 2008 Order. Furthermore, plaintiff timely filed the above-referenced motions to compel on February 4, 2008, before the February 8, 2008 discovery deadline.

////

Thus, it appears that plaintiff has been diligent in pursuing responses to his discovery requests and has attempted to abide by the discovery rules set forth in the Federal Rules of Civil Procedure. It also appears that plaintiff's goal in serving a second set of interrogatories was not to propound discovery on new matters, but to obtain the information he originally sought in his first set of interrogatories. This could have been properly achieved by timely filing a motion to compel responses from defendants to his first set of interrogatories.

Therefore, good cause appearing, the court will modify the scheduling order and reopen discovery, for the limited purpose of allowing plaintiff to file a motion to compel defendants Van Leer, Chatham, Ervin, Leckie, Ginder, and Barton, to provide further responses to plaintiff's first sets of interrogatories. Plaintiff is not obligated to file such a motion and the court expresses no opinion as to the potential merits of such a motion. Plaintiff is cautioned that should he choose to file such a motion, he bears the burden of informing the court of which specific interrogatories he seeks to compel, and for each disputed response, why the defendant's objections are not justified or why the defendant's responses are otherwise deficient.

In light of the order herein reopening discovery for a limited purpose, defendants' May 30, 2008 motion for summary judgment will be denied without prejudice. *See* Fed. R. Civ. P. 56(f). Defendants either may file an amended motion including a new brief and supporting documents, or simply renew the one previously filed by filing a notice of such renewal.

Additionally, the court grants defendants' September 11, 2008 *nunc pro tunc* motion to amend defendant McCoy's responses to plaintiff's requests for admission. The court also acknowledges that defendants have withdrawn the amended discovery responses of defendants Ginder and Ervin because plaintiff objected to them. *See* Defs.' Mot. to Amend Def. McCoy's Resps. to Pl.'s Reqs. for Admis. at 2, n.1. "[T]he court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The court finds that the requirements of Rule 36(b) have

been met.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's February 4, 2008 motions to compel are denied.

2. The discovery deadline is extended to April 17, 2009, for the limited purpose of allowing plaintiff to file a motion to compel defendants Van Leer, Chatham, Ervin, Leckie, Ginder, and Barton, to provide further responses to plaintiff's first sets of interrogatories.

3. Because discovery in this action shall remain ongoing, defendants' May 30, 2008 motion for summary judgment is denied without prejudice. Defendants may renew their motion after the April 17, 2009 discovery deadline.

4. Defendants' September 11, 2008 *nunc pro tunc* motion to amend defendant McCoy's responses to plaintiff's requests for admission is granted. Defendant McCoy's July 30, 2008, amended responses are deemed properly served upon plaintiff.

Dated: March 19, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE