IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

      Plaintiff,                       No. CIV S-05-0441 GEB EFB P

      vs.

EVERT, et al.,

      Defendants.           <u>ORDER</u>

                            /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On March 19, 2009, the court modified the scheduling order and reopened discovery for the limited purpose of allowing plaintiff to file a motion to compel defendants Van Leer, Chatham, Ervin, Leckie, Ginder, and Barton to provide further responses to plaintiff's first sets of interrogatories. The court cautioned plaintiff that in filing such a motion, "he bears the burden of informing the court of which specific interrogatories he seeks to compel, and for each disputed response, why the defendant's objections are not justified or why the defendant's responses are otherwise deficient." Mar. 19, 2009 Order at 3.

      On April 13, 2009, plaintiff filed motions to compel each of the above-named defendants to provide further responses to every single interrogatory that plaintiff propounded on them. In the motions, plaintiff is not specific as to why any of the responses are deficient or why any of

1  the objections are not justified. Rather, plaintiff generally asserts that the responses are evasive
2  and that he is not satisfied with them. Plaintiff has not complied with the court's March 19, 2009
3  order and his lack of specificity provides no basis on which to grant his motions. In his April 27,
4  2009 reply brief, plaintiff states that he is still trying to locate defendants Bitle and Evert for
5  service or process.[1] However, the court dismissed defendants Bitle and Evert from this action
6  on January 14, 2008, noting that the time limit for service of process had passed, and plaintiff's
7  motion for reconsideration of that order was denied on January 16, 2009.

8  Plaintiff also requests that the court appoint counsel. District courts lack authority to
9  require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States*
10 *Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request
11 counsel to represent voluntarily such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935
12 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
13 The court finds no such exceptional circumstances in this case.

14 Plaintiff has also filed with the court additional requests for production of documents and
15 sets of interrogatories. Discovery documents such as interrogatories, requests for production,
16 requests for admission, responses and proofs of service thereof, etc., "shall not be filed with the
17 clerk until there is a proceeding in which the document or proof of service is at issue. When
18 required in a proceeding, only that part of the request and response that is in issue shall be filed."
19 Local Rules 33-250(c), 34-250(c) & 36-250(c). Plaintiff's purpose in filing his discovery
20 requests is not clear. The deadline for propounding discovery has long since passed. To the
21 extent plaintiff requests modification of the scheduling order to reopen discovery, his request is
22 denied, as he has not demonstrated the requisite good cause. *See* Fed. R. Civ. P. 16(b); *Johnson*
23 *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating that good cause exists
24 when the moving party demonstrates he cannot meet the deadline despite exercising due

25
26     [1] If this is the discovery plaintiff seeks, he should have said so in his motion and not in his reply brief, leaving defendants without an opportunity to respond.

diligence).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's April 13, 2009 motions to compel (docket nos. 103, 105, 107, 109, 111, 113) are denied.

2. Plaintiff's April 27, 2009 requests for appointment of counsel are denied.

3. Plaintiff's April 13, 2009 discovery requests (docket nos. 102, 104, 106, 108, 110, 112) are stricken and the Clerk of the Court shall make a notation on the docket to that effect.

So ordered.

DATED: June 11, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE