1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VERNON WAYNE MCNEAL,                         No.  2:05-cv-441-GEB-EFB P

12                  Plaintiff,

13          v.                                    ORDER

14   EVERT, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  Defense counsel has filed a Notice of Suggestion of Death of Defendant

19   Chatham.  ECF No. 167.  Plaintiff responded with a motion for substitution of a proper party

20   under Federal Rule of Civil Procedure 25(a).  ECF No. 172.

21          Rule 25(a)(1) of the Federal Rules of Civil Procedure governs the substitution of parties

22   after death, providing for substitution where the claim is not extinguished by the death of the

23   party.  In *Robertson v. Wegmann*, 436 U.S. 584 (1978), the Supreme Court held that the law of

24   the forum state is "the principle reference point in determining survival of civil rights actions"

25   under section 1983.  *Id*. at 590; *see also Moor v. Alameda County*, 411 U.S. 693, 703 n.14 (1973)

26   (noting that pursuant to 42 U.S.C. § 1988, state survivorship statutes may allow the survival of

27   actions brought under § 1983).  Under California law, a cause of action against a person is

28   generally not lost by reason of the person's death.  Cal. Civ. Proc. Code § 377.20(a).  Therefore,

1

1  Chatham's death did not extinguish the claim against him, and a motion for substitution is

2  appropriate in this case.

3      However, to substitute a new defendant for defendant Chatham under Rule 25(a), the

4  court must know the party to be substituted.  It appears that defense counsel here has not satisfied

5  the provision in Rule 25(a)(3) which requires not only the filing of a notice of suggestion of death

6  with the court and service of the notice on plaintiff, but also service of the notice on the proper

7  party to be substituted in the place of the deceased.[1]  *Barlow v. Ground*, 39 F.3d 231, 233 (9th

8  Cir. 1994) (a statement noting the death must be served on "nonparty successors or

9  representatives of the deceased . . . in the same manner as required for service of the motion to

10 substitute.").  In turn, apparently due to that failure, plaintiff has not served his motion for

11 substitution on that party (or seek service by the U.S. Marshal) as Rule 25(a)(3) also requires.

12     Accordingly, it is hereby ORDERED that:

13 1.  Plaintiff's March 26, 2014 motion for substitution (ECF No. 172) is denied without

14     prejudice.

15 2.  Within 30 days of the date of this order, defense counsel shall endeavor to discover the

16     identity of the proper party for substitution and either: (a) serve the notice of

17     suggestion of death on that party, along with re-service on plaintiff and filing with the

18     court or (b) file a declaration documenting the steps taken to discover the proper

19     party's identity and why such person's identity could not be discovered.

20 3.  Should defense counsel file a new notice of suggestion of death with service on the

21     proper party for substitution, plaintiff shall have 90 days from the date of service of

22     such notice to file a new motion for substitution.  In light of plaintiff's in forma

23 /////

24 /////

25 /////

26

---

27 [1] Courts have held that executors, administrators or distributees of distributed estates are proper parties for substitution of a deceased party.  *See Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044, 2002 WL 32388132 at *2 (E.D. Cal. June 3 2002); *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999).

28

2

1   pauperis status, the court will order service of that motion on the proper party

2   identified by defense counsel.

3   So ordered.

4   DATED:  February 11, 2015.

5   EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

3