1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   VERNON WAYNE MCNEAL,                       No.  2:05-cv-441-GEB-EFB P

11                  Plaintiff,

12        v.                                    ORDER

13   EVERT, et al.,

14                  Defendants.

15

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently pending before the court are defendants' response to the court's

18   February 11, 2015 order regarding the defense's suggestion of death for defendant Chatham (ECF

19   No. 182) and various requests filed by plaintiff in anticipation of trial (ECF Nos. 181, 183, 184,

20   186, 187).

21   **I.        Suggestion of Death for Defendant Chatham**

22        Defense counsel filed a Notice of Suggestion of Death of Defendant Chatham.  ECF No.

23   167.  Plaintiff responded with a motion for substitution of a proper party under Federal Rule of

24   Civil Procedure 25(a).  ECF No. 172.  The court found defendants' suggestion of death defective

25   because it was not served on defendant Chatham's "nonparty successors or representatives."

26   *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).[1]  Further, because plaintiff lacked the

27   _____

28        [1] Pursuant to *Barlow,* the court found that, to start the 90-day window in which plaintiff
     must file a new motion for substitution or face dismissal of his claims against defendant Chatham,

1

1    information to do so, he failed to serve his motion for substitution on defendant Chatham's

2    successor or representative.  Accordingly, the court denied plaintiff's motion for substitution

3    without prejudice and directed defendants' counsel to identify the proper party for substitution

4    and either serve the notice on that party and plaintiff, or file a declaration stating what steps were

5    taken to locate and serve such a party.  *Id.*

6         In response to the order, defense counsel has filed a declaration from a legal analyst

7    stating that the analyst conducted a search that revealed the address and phone number of

8    Chatham's father, Roy Chatham.[2]  ECF No. 182-1 at 2.  However, the declaration does not

9    provide that contact information.  Neither has counsel served the notice on that party.  Rather,

10   defense counsel argues that defendants are not obligated to serve the suggestion of death on

11   defendant Chatham's successor or representative, because they do not know who that person is.

12   Counsel argues that "[w]here a prisoner plaintiff is looking to substitute a deceased defendant, it

13   is the plaintiff's responsibility to identify the proper party and serve them with a copy of the

14   motion for substitution" citing *Hightower v. Schwarzenegger*, No. 1:04-cv-06028-OWW-SKO

15   (PC), 2011 U.S. Dist. LEXIS 74917 (E.D. Cal. July 12, 2011); *Colon v. St. Clair*, No. 1:07-cv-

16   00932-AWI-GSA-PC, 2010 U.S. Dist. LEXIS 122944 (E.D. Cal. Nov. 8, 2010); *Scott v. Vasquez*,

17   No. CV 02-05296 GAF (AJW), 2009 U.S. Dist. LEXIS 116071 (C.D. Cal. Dec. 9, 2009);

18   *Williams v. Baron*, No. 2:03-cv-2044 LKK JFM (PC), 2009 U.S. Dist. LEXIS 132477 (E.D. Cal.

19   Feb. 10, 2009); and *Hawk v. Alameida*, No. CIV S-04-0731-MCE-CMK-P, 2007 U.S. Dist.

20   LEXIS 11299 (E.D. Cal. Feb. 16, 2007).  Counsel adds that "should the Court determine that

21   decedent's father is the proper party for substitution, Defendants will provide his address to the

22   Marshal for purposes of service."

23        Rule 25(a)(1) of the Federal Rules of Civil Procedure governs the substitution of parties

24   after death, providing for substitution where the claim is not extinguished by the death of the

25

26   defendants were required to file a new suggestion of death with the proper service on defendant
     Chatham's successor(s) or representative(s).  ECF No. 179.

27

28        [2] The declaration further states that the search failed to show that Chatham's estate went
     through probate in either Lassen of Shasta Counties.  *Id.*

2

party.  In *Robertson v. Wegmann*, 436 U.S. 584 (1978), the Supreme Court held that the law of the forum state is "the principle reference point in determining survival of civil rights actions" under § 1983.  *Id*. at 590; *see also Moor v. Alameda County*, 411 U.S. 693, 703 n.14 (1973) (noting that pursuant to 42 U.S.C. § 1988, state survivorship statutes may allow the survival of actions brought under § 1983).  Under California law, a cause of action against a person is generally not lost by reason of the person's death.  Cal. Civ. Proc. Code § 377.20(a).  Therefore, Chatham's death did not extinguish the claim against him, and a motion for substitution is appropriate in this case.

However, to substitute a new defendant for defendant Chatham under Rule 25(a), the court must know the party to be substituted.  Rule 25(a)(3) requires not only the filing of a notice of suggestion of death with the court and service of the notice on plaintiff, but also service of the notice on the proper party to be substituted in the place of the deceased.[3]  *Barlow*, 39 F.3d at 233 (a statement noting the death must be served on "nonparty successors or representatives of the deceased . . . in the same manner as required for service of the motion to substitute.").  A party has 90 days from the filing of a proper suggestion of death to seek to substitute in another party for the decedent.  Fed. R. Civ. P. 25(a).  Here, defense counsel has attempted to trigger the running of that 90 day deadline, but to date the steps taken have failed to do so.

In *Barlow v. Ground*, the plaintiff died while his case was on appeal.  39 F.3d at 232.  Defendants filed a suggestion of death, but did not serve it on the plaintiff's estate.  *Id.*  The Ninth Circuit held that the suggestion of death did not trigger the 90-day window of Rule 25(a)(1).  *Id.* at 233.  The court clearly stated that, to start the clock running on the 90-day period, "the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."  *Id.*  The defendant city in *Barlow* argued that "the suggestion of death need not be served upon the nonparty successors or representatives of the estate when the appropriate persons

---

[3] Courts have held that executors, administrators or distributees of distributed estates are proper parties for substitution of a deceased party.  *See Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044, 2002 WL 32388132 at *2 (E.D. Cal. June 3 2002); *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999).

1    could not be ascertained at the time the suggestion of death was made." *Id.* at 234.  The Ninth

2    Circuit declined to address that issue, stating "[w]e need not reach this question because clearly

3    the City knew the identity of the executor of Barlow's estate.  Weingarten provided the City with

4    a copy of Barlow's will that identified the name and address of Barlow's executor." *Id.*  Contrary

5    to defense counsel's argument, nothing in *Barlow* suggests that where the party filing the

6    suggestion of death has not yet confirmed that the survivor(s) is the proper party for substitution,

7    the burden of finding and serving such a party lies with plaintiff.  Rather, the court expressly left

8    open the question of whether service on a nonparty successor or representative was required

9    "when the appropriate persons could not be ascertained at the time the suggestion of death" is

10   filed.

11        Here, as in *Barlow,* the suggesting party (defense counsel for Chatham) knows the identity

12   and contact information for Chatham's only known potential successor (Chatham's father) and

13   there is nothing in the record before the court to suggest that defense counsel cannot ascertain

14   Chatham's successor or representative.  The declaration submitted by defense counsel, from A.

15   Brodbeck, Senior Legal Analyst with the California Attorney General's office, informs that

16   Brodbeck located Chatham's obituary through Google, which indicated that Chatham was "a son,

17   brother and uncle," but had no spouse or children.  ECF No. 182-1 at 1-2.  Brodbeck learned from

18   the litigation coordinator at High Desert State Prison ("HDSP") that Chatham was working for

19   the Redding Division of Paroles at the time of his death.  *Id.* at 2.  The litigation coordinator for

20   that entity told Brodbeck that Chatham had listed his father, Roy Chatham, as his emergency

21   contact.  *Id.*  Brodbeck then searched Chatham's name "through special Department of Justice

22   software."  *Id.*  That search revealed Chatham's last-known address, date of birth, date of death,

23   and close relatives and confirmed that Roy Chatham was defendant Chatham's father.  *Id.*

24   Brodbeck also obtained Roy Chatham's address and phone number from the software search.  *Id.*

25   Brodbeck learned from the Lassen County and Shasta County Superior Courts that no probate for

26   defendant Chatham had been filed in either county.  *Id.*

27        There is no indication that either counsel or Brodbeck called or otherwise attempted to

28   contact Roy Chatham to ascertain the status of defendant Chatham's estate.  Thus, although it is

4

1   apparent that the suggesting party, defense counsel in the California Office of the Attorney

2   General, has ample ability to ascertain whether Roy Chatman is the proper party for substitution

3   in this case, and, if so, to serve that person with the suggestion of death, counsel declines to do so,

4   notwithstanding *Barlow*'s mandate.[4]  Instead, counsel insists that plaintiff, who is incarcerated,

5   without resources and unrepresented, should bear this burden.  As discussed above, this argument

6   is contrary to *Barlow*.  Further, the cases cited in support of the argument do not persuade the

7   court to deviate from *Barlow*'s clear direction that, where the suggesting party is capable of

8   ascertaining the proper party for substitution, it must serve the suggestion of death on that party to

9   start the 90-day window for the filing of a motion to substitute.

10         In *Hightower*, plaintiff's complaint alleged claims against three defendants who turned out

11   to be deceased.  2011 U.S. Dist. LEXIS 74917, at *4.  Plaintiff filed a motion to substitute the

12   decedents' successors in their prison jobs.  *Id.* at 9-10.  The motion was denied without prejudice

13   because the successors were not "proper parties" under Rule 25(a)(1).  *Id.* at 10-12.  The court

14   noted that the complaint had yet to be served on the deceased defendants and thus plaintiff could

15   face dismissal of his claims against them under Federal Rule of Civil Procedure 4(m), because it

16   was his responsibility to provide the U.S. Marshal with accurate and sufficient information to

17   effect service of the complaint.  *Id.* at 12-14.  He had failed thus far to provide such information

18   to the Marshal, because he had not identified the proper parties for service in place of the dead

19   defendants.  *Id.* at 14.

20         Unlike *Hightower*, defendant Chatham was served with summons and the complaint.

21   Plaintiff discharged his responsibility to provide sufficient information to effect that service.  ECF

22   No. 22 at 5.  At the time of his death, Chatham was represented by the California Office of the

23   Attorney General.  The issue here is not who bears the responsibility of identifying the proper

24   party for service of summons and the complaint under Rule 4, as it was in *Hightower*.  Rather, the

25   question is who must identify the proper party for substitution under Rule 25 where counsel for a

26

27         [4] "Indeed, the present Rule 25 was designed 'to inform *all interested persons* of the death
    so that they may take appropriate action.'"  *Barlow*, 39 F. 3d at 233 (citing 3B *Moore's Federal*
28   *Practice* ¶ 25.06[2] (2d ed. 1991) (emphasis added)).

1   defendant who has already been served with process files a suggestion of death pursuant to Rule

2   25.[5]

3          In *Colon*, a prisoner-plaintiff sought substitution of the "estate or anyone else liable" for a

4   deceased defendant.  2010 U.S. Dist. LEXIS 122944, at *3.  The court denied the motion because

5   it was not served on the deceased defendant's successor or representative, as Rule 25(a)(1)

6   requires.  *Id.*  It is not clear from the brief order whether defense counsel had filed a suggestion of

7   death in that case (there is simply no discussion of that) or whether, if one was filed, it was served

8   on the deceased defendant's representative or successor, as *Barlow* requires.  Accordingly, *Colon*

9   provides no guidance on the issue currently before the court; i.e., whether the party who files the

10  suggestion of death must serve that notice on the successor or representative of the deceased if the

11  party can ascertain the identity of that individual.

12         In *Scott,* the magistrate judge recommended the dismissal of plaintiff's claims against a

13  deceased defendant where plaintiff had not filed a motion for substitution after defense counsel

14  filed a suggestion of death.  2009 U.S. Dist. LEXIS 116071, at *2-14.  The magistrate judge made

15  this recommendation even though the suggestion of death did not identify a successor or

16  representative for the deceased defendant.  *Id.* at *6, n.2.  The magistrate judge stated that "[t]he

17  Ninth Circuit has not imposed" a requirement that a suggestion of death identify the proper party

18  for substitution "as a precondition to triggering the 90-day period for filing a motion for

19  substitution."  *Id.*  This conclusion contrasts with the Ninth Circuit's decision in *Barlow*, which

20  unequivocally held that Rule 25(a)(1) requires service of the suggestion of death on the proper

21  party for substitution, where that party's identity can be ascertained.  39 F.3d at 233.  This court is

22  bound to follow *Barlow*.[6]

23  _____

24        [5] Similarly, in *Hawk*, the Marshal returned service unexecuted because of the death of the
    defendant, and plaintiff thereafter failed to seek substitution for the deceased defendant.  2007

25  U.S. Dist. LEXIS 11299, at *1-2.

26        [6] Similarly*, in *Williams*, the court concluded that a statement of death need not identify the
    proper party for substitution to trigger the 90-day window for substitution, contrary to (and

27  without citing or discussing) *Barlow*.  2009 U.S. Dist. LEXIS 132477, at *3-10 (mistakenly
    concluding the absence of Ninth Circuit authority on the issue and discussing diverging

28  approaches in other circuits).

1    Because defense counsel has not established that she cannot ascertain the proper party for

2    substitution, and because the suggestion of death currently on file was not served on the proper

3    party for substitution, the 90-day period in which plaintiff must seek to substitute that proper

4    party for defendant Chatham has not yet been triggered.  If defendants wish to start that clock,

5    they must either serve a suggestion of death on the proper party for substitution or file a

6    declaration with the court showing that the identity of such a party could not be ascertained.

7    As a practical matter, however, this case is set for trial in July 2015.  To proceed, the court

8    must dispose of plaintiff's claims against defendant Chatham either by dismissing them or by

9    proceeding to trial with the proper party substituted in Chatham's place.  Accordingly, the court

10    will set a status conference for the parties to appear and discuss the proper process for going

11    forward regarding the claims against defendant Chatham.

12    **II.    Plaintiff's Motions**

13    Plaintiff has filed various motions in anticipation of trial.

14    First, plaintiff seeks 13 more subpoena forms for his unincarcerated witnesses.  ECF No.

15    181.  The court will grant that request.  Plaintiff is reminded of his obligations with regard to

16    unincarcerated witnesses: To obtain the presence of a witness who is at liberty and who refuses to

17    testify voluntarily, the party who intends to present that witness's testimony must complete a

18    subpoena and submit it to the United States Marshal for service upon the witness.  Blank

19    subpoena forms may be obtained from the Clerk of the Court.  Completed subpoenas must be

20    submitted not earlier than four weeks and not later than two weeks before trial.  The party must

21    also tender through the United States Marshal a money order payable to the witness in the amount

22    of the daily witness fee, $40.00, plus the witness's travel expenses.  If plaintiff seeks the witness's

23    presence and proceeds in forma pauperis, then plaintiff must also submit a copy of the order

24    granting him leave so to proceed.  The United States Marshal will not serve a subpoena upon an

25    unincarcerated witness without the witness fee and travel expenses having been tendered.  No

26    statute authorizes the use of public funds for expenses in civil cases and even a plaintiff

27    proceeding in forma pauperis must tender the fees.

28    /////

Plaintiff also seeks a subpoena form for one incarcerated witness, Rollins.  ECF No. 184.  As Rollins is incarcerated, a subpoena to ensure his appearance is not required.  Rather, as the court has previously informed plaintiff, the court will issue an order directing the custodian to produce Rollins at trial only upon a showing that Rollins has agreed to testify voluntarily and has actual knowledge of relevant facts.  Plaintiff has submitted a declaration in which he avers that Rollins will testify voluntarily that a disagreement between Rollins and a female correctional officer "created a retaliatory response from defendants."  *Id.*  Accordingly, the court will issue an order directing Rollins's custodian to produce him for trial; no subpoena need be submitted by plaintiff.

Second, plaintiff asks for "some help or direction from the courts" to get the name of a physical therapist who treated him and the doctor who referred him to the physical therapist.  ECF No. 183.  Plaintiff had the obligation to diligently seek this information during the discovery period.  The court cannot act as plaintiff's counsel to discover information on his behalf.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").  Rather, a plaintiff must request the information through the procedural mechanisms available to him at his institution of incarceration or file a motion seeking relief from the discovery deadline supported by good cause so that he may request the information from defendants.  ECF No. 59 (setting discovery deadline at February 8, 2008); Fed. R. Civ. P. 16(b)(4) (providing that a schedule may be modified only for good cause and with the judge's consent).  Accordingly, plaintiff's motion for court assistance (ECF No. 183) will be denied.

Third, plaintiff asks the court to provide him with a "list of experts," because he does not know any.  ECF No. 186.  It is plaintiff's obligation to obtain and identify potential experts to testify on his behalf.  The motion will be denied.  Further, plaintiff has not shown any basis upon which the court should appoint its own expert(s).

Fourth, plaintiff asks the court to provide him with "a certified students application."  ECF No. 187.  Plaintiff does not explain what this application is, and the court has no information from which to discern what plaintiff refers to.  Accordingly, the request will be denied.

/////

**III.    Order**

Accordingly, it is hereby ORDERED that:

1.  The parties shall appear for a status conference before the undersigned on April 29, 2015 at 10:00 a.m. in Courtroom No. 8, 13th Floor.  Plaintiff shall appear either telephonically or by video.  A writ to ensure plaintiff's appearance shall issue concurrently with this order.

2.  Plaintiff's request for 13 subpoena forms (ECF No. 181) is granted.  The Clerk of Court is directed to send 13 blank, signed subpoena forms to plaintiff.

3.  Plaintiff's motion to obtain the appearance at trial of inmate Rollins (ECF No. 184) is granted.  The court will issue an order directing the custodian of inmate Rollins to produce him at trial in due course.

4.  Plaintiff's motions appearing at ECF Nos. 183, 186, and 187 are denied.

Dated:  April 13, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9