UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE MCNEAL, | No. 2:05-cv-441-GEB-EFB P |
| Plaintiff, | |
| v. | ORDER |
| EVERT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He previously filed a motion to substitute parties pursuant to Federal Rule of Civil Procedure 25(a). Currently pending before the court are defendants' response to the court's February 11, 2015 order regarding the defense's suggestion of death for defendant Chatham (ECF No. 182) and various requests filed by plaintiff in anticipation of trial (ECF Nos. 188, 189, 190, 191, and 192).

**I.     Suggestion of Death for Defendant Chatham**

On February 19, 2014, defense counsel filed a Notice of Suggestion of Death of Defendant Chatham. ECF No. 167. Plaintiff responded with his motion for substitution of a proper party under Rule 25(a). ECF No. 172. The court found that defendants' suggestion of death was defective because defense counsel had not served it on defendant Chatham's successors or representatives. ECF No. 179 (relying on *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir.

1

1994)). Likewise, plaintiff had not served his motion for substitution on defendant Chatham's successor or representative. For those reasons, the court denied his motion for substitution without prejudice, and, pursuant to *Barlow*, found that defendants' defective suggestion of death had failed to commence the 90 day limit within which plaintiff could move for substitution under Rule 25. *Id*.

The court instructed the parties that, to start the 90-day window in which plaintiff must file a new motion for substitution or face dismissal of his claims against defendant Chatham, defendants were required to file a new suggestion of death with the proper service on defendant Chatham's successor(s) or representative(s). *Id*. The court ordered that, if defense counsel could not discover the identity of Chatham's successor, counsel should file a declaration documenting the steps taken to discover that individual's identity. *Id.* Counsel filed a declaration and response to that order on March 13, 2015. ECF No. 182. The declaration identified a possible successor (i.e. the father of decedent, Roy Chatham) but the response stated that counsel did not serve the suggestion of death on that person. Instead, counsel argued that defendants are not obliged to do so, stating that "it is the plaintiff's responsibility to identify the proper party and serve them with a copy of the motion for substitution." *Id*.

In light of counsel's response and the impending trial date, the court ordered the parties to appear for a status conference to discuss how to proceed in light of the failure to comply with Rule 25. Plaintiff appeared telephonically from the prison. California Deputy Attorney General R. Lawrence Bragg appeared on behalf of defendants. In addition to the filings noted above, the court also addressed at the status hearing a declaration filed by defense counsel Monica Anderson, which was filed forty-five minutes before the hearing. ECF No 198. That declaration disclosed that defendant Chatham's sole assets (a lump sum payment of retirement benefits) were distributed to his father outside of probate. *Id*. Because the asset was distributed outside of probate, Ms. Anderson argued that she could not ascertain the proper party for substitution here because, effectively, there is no such party.

No authority is cited for the assertion that where assets are transferred outside of probate the distributee of those assets is not a proper party within the meaning of Rule 25(a). Indeed,

although not cited by the defense, there is authority to the contrary.  In *McSurely v. McClellan*, 753 F.2d 88 (D.C. Cir. 1985), the District of Columbia Circuit found that two decedents' widows were proper parties for substitution under Rule 25(a) even though the assets distributed to them did not pass through probate.  753 F.2d at 97, 98.  The court in *McSurely* found determinative whether the party to be substituted was a distributee of the deceased defendant's assets, not whether those assets were transferred through probate.  *Id.* at 98.  Defense counsel provides no authority or legal reasoning why Rule 25(a) should be interpreted to require service of the statement of death on the distributee of a probated estate but not the distributee of non-probated assets.

Accordingly, the plaintiff's motion for substitution (ECF No. 172) is deemed amended to name Roy Chatham as the proper party for substitution in place of defendant Chad Chatham.  As agreed by defense counsel at the hearing, counsel shall serve the motion, along with a copy of this order, on Roy Chatham.  Any opposition by Roy Chatham to substitution under Rule 25(a) shall be filed within 21 days of the date of this order.

**II.     Plaintiff's Motions**

The court also addressed at the status hearing various motions plaintiff filed in anticipation of trial.

First, plaintiff asks the court to compel defendants to provide a copy of the use of force tape interview dated July 11, 2004.  ECF No. 188.  Plaintiff also seeks a transcript of that tape and a copy of his deposition.  ECF Nos. 189, 190.  Defendants do not oppose these motions and defense counsel stated at the April 29, 2015 hearing that they would provide plaintiff with all three items.  Accordingly, these motions will be denied as moot, without prejudice to their renewal should defendants fail to provide the tape, tape transcript, and deposition transcript.

Plaintiff also seeks appointment of counsel, stating that he is inexperienced in litigation and has been suffering from double vision, blurriness, and burning in his eyes since 2013.  ECF No. 191.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a

plaintiff. See 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id*.

While plaintiff may be an inexperienced litigator, the issues presented by this case are straightforward (i.e., whether defendants subjected plaintiff to excessive force or failed to intervene when others subjected plaintiff to excessive force). And while plaintiff argues that his inability to litigate effectively is evidenced by the denial of some motions to compel (and his failure to properly seek discovery), the court cannot conclude that plaintiff is unable to effectively present his claims based on a single adverse ruling, particularly in light of plaintiff's partially successful opposition to defendants' motion for summary judgment. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (that a pro se plaintiff finds litigation difficult does not amount to a showing of exceptional circumstances). In addition, plaintiff has not shown that the eye condition he developed in 2013 prevents him from effectively presenting his case. Plaintiff has presented no evidence detailing the nature or extent of his eye impairment. The court notes that plaintiff has made many filings during and since 2013 despite that impairment. Lastly, plaintiff has made no showing on the likelihood that he will succeed on his claims against defendants. For these reasons, the court finds that exceptional circumstances are not present in this case and will therefore deny the request for counsel.

Finally, plaintiff asks the court to appoint a psychiatric expert to testify "about the effects the excessive force has had on [plaintiff's] mental health" at trial. Under 28 U.S.C. § 1915, federal courts may permit an indigent party to file suit without prepaying fees and costs. That statute does not authorize courts to subsidize witness fees, however. *Hadsell v. IRS*, 107 F.3d 750, 752-53 (9th Cir. 1997) (relying on *Tedder v. Odel,* 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam)).

Though the court cannot pay for the expert plaintiff seeks, Federal Rule of Evidence 706 authorizes the court to appoint a neutral expert witness and apportion the fee among the parties. Where, as here, one party is indigent, the court has discretion to apportion the entire fee to the other side. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds* by *Helling v. McKinney*, 502 U.S. 903 (1991). Plaintiff appears to seek an expert to testify on his behalf, rather than a neutral expert, and for that reason, the request must be denied. To the extent that plaintiff seeks appointment of a neutral expert, he has made an insufficient showing that a neutral expert is needed to promote accurate fact-finding in this action. *See Gorton v. Todd*, 793 F. Supp. 2d 1171, 1177-78 (E.D. Cal. 2011) (the court's determination to appoint a neutral expert is guided by its consideration of whether the expert will promote accurate fact-finding, the ability of the indigent party to obtain an expert on his own, and the significance of the rights at stake in the case). Accordingly, the motion for appointment of a neutral expert is denied.

### III.    Order

For the reasons stated above, it is hereby ORDERED that:

1. Plaintiff's March 26, 2014 motion for substitution (ECF No. 172) is deemed amended to name Roy Chatham as the proper party for substitution;
2. Defense counsel shall serve a copy of plaintiff's motion for substitution, along with a copy of this order, on Roy Chatham;
3. Roy Chatham shall have 21 days from the date of this order to file an opposition or statement of no opposition to the motion for substitution;
4. Plaintiff's March 30, 2015 motions to compel (ECF Nos. 188, 189, and 190) are denied without prejudice as moot;
5. Plaintiff's April 2, 2015 motion for appointment of counsel (ECF No. 191) is denied; and

/////

/////

/////

6. Plaintiff's April 2, 2015 motion for appointment of a psychiatric expert (ECF No. 192) is denied.

Dated: April 30, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE