UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

        Plaintiff,

  v.

EVERT, et al.,

        Defendants.

No. 2:05-cv-0441 GEB EFB P

ORDER

      Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed another motion for the appointment of an expert witness. ECF No. 212. The motion is denied for the reasons that follow.

      Plaintiff asks the court to appoint a neutral psychiatric expert "to explain the effects of the excessive force on plaintiff['s] mental health" because defendants have indicated their intention to object to any testimony from plaintiff on matters requiring medical or psychiatric expertise. ECF No. 212 at 2. As the court has explained in prior orders (*see* ECF No. 201), no statute authorizes the court to subsidize fees for an expert to testify on plaintiff's behalf. While Federal Rule of Evidence 706 authorizes the court to appoint a neutral expert witness and apportion the fee among the parties, the court will undertake such an appointment only in rare cases. To appoint a neutral expert, the court must find that, among other things, that the expert is necessary to promote accurate fact-finding. *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1177-78 (E.D. Cal.

2011) (the court's determination to appoint a neutral expert is guided by its consideration of whether the expert will promote accurate fact-finding, the ability of the indigent party to obtain an expert on his own, and the significance of the rights at stake in the case). It is not clear that plaintiff is unqualified to testify to the effects of the alleged excessive force on his mental health. Under Federal Rule of Evidence 701, a lay witness may testify to opinions that are: (1) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. The court cannot say at this time that plaintiff's intended testimony regarding his mental state contains opinions that fall within Rule 702. To the extent that plaintiff's testimony will simply contain a description of his symptoms, diagnoses, or opinions "that any lay person could make based" on his symptoms, such testimony is admissible under Rule 701 and no expert is necessary to advance it. *Brandon v. Maywood*, 179 F. Supp. 2d 847, 859 (N.D. Ill 2001). Further, plaintiff has not shown that this case presents rare circumstances which warrant the appointment of the court's own expert. Accordingly, plaintiff's motion is denied.

So ordered.

Dated: June 15, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE