UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE McNEAL,<br><br>          Plaintiff,<br><br>     v.<br><br>LOCKIE, ERVIN, CHATHAM, and VAN LEER,<br><br>          Defendants. | No.   2:05-cv-00441-GEB-EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION** |

On June 22, 2015, Plaintiff filed a motion, (ECF No. 222), in which he seeks reconsideration of the Magistrate Judge's June 5, 2015 order denying his request for an expert witnesses concerning "the use of force and medical issues." (Pl.'s Decl. Supp. Mot. Requesting Experts 1, ECF No. 203.) The Magistrate Judge denied Plaintiff's request in that order stating, *inter alia*:

> [Plaintiff] has not shown that such . . . expert[s are] needed to promote accurate fact-finding. He simply asserts, "Defendant's experts only want to talk about the use of force and plaintiff's injuries. Plaintiff wants to show the jury the use of force and plaintiff's injuries with the aid of experts." ECF No. 203 at 3. Plaintiff has not indicated what useful information a neutral expert would provide that will not otherwise be presented to the court. See Gorton v.

1

> Todd, 793 F. Supp. 2d 1171, 1177-78 (E.D. Cal. 2011) (the court's determination to appoint a neutral expert is guided by its consideration of whether the expert will promote accurate fact-finding, the ability of the indigent party to obtain an expert on his own, and the significance of the rights at stake in the case).

(Order 1:26-2:6, June 5, 2015, ECF No. 213.)

Also, on June 25, 2015, Plaintiff filed a motion, (ECF No. 223), in which he seeks reconsideration of the Magistrate Judge's June 15, 2015 order denying his request for a "neutral psychiatric expert to explain the effects of . . . excessive force on [P]laintiff['s] mental health." (Pl.'s Decl. Supp. Mot. Requesting Neutral Psychiatric Expert 1, ECF No. 212.) The Magistrate Judge denied Plaintiff's request in that order stating, *inter alia*:

> To appoint a neutral expert, the court must find that, among other things, . . . the expert is necessary to promote accurate fact-finding. It is not clear that plaintiff is unqualified to testify to the effects of the alleged excessive force on his mental health. Under Federal Rule of Evidence 701, a lay witness may testify to opinions that are: (1) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. . . . To the extent that plaintiff's testimony will simply contain a description of his symptoms, diagnoses, or opinions that any lay person could make based on his symptoms, such testimony is admissible under Rule 701 and no expert is necessary to advance it. Further, plaintiff has not shown that this case presents rare circumstances which warrant the appointment of the court's own expert.

(Order 1:26-2:14, June 15, 2015, ECF No. 219 (internal quotation marks and citation omitted).)

2

Local Rule 303(f) states "[t]he standard that the assigned Judge shall use in [reconsideration of a Magistrate Judge's ruling] is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." "A [M]agistrate [J]udge's factual findings are 'clearly erroneous' when the district court is left with the definite and firm conviction that a mistake has been committed." Mackey v. Frazier Park Pub. Util. Dist., No. 1:12-CV-00116-LJO-JLT, 2012 WL 5304758, at *2 (E.D. Cal. Oct. 25, 2012) (quoting Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997). "An order 'is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Id. (quoting Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008)).

Plaintiff has not shown that the Magistrate Judge's referenced decisions denying his requests for the appointment of expert witnesses were clearly erroneous or contrary to law. See e.g., Robinson v. Adams, No. 1:08-cv-01380-AWI-BAN PC, 2014 WL 6461342, at *2 (E.D. Cal. Nov. 17, 2014) (denying reconsideration of the magistrate judge's decision denying the plaintiff's request for the appointment of an expert witness regarding use of force procedures, stating "[t]he Magistrate Judge . . . correctly determined that Plaintiff's allegations of excessive force are not so complicated as to require an expert witness"); Trufariello v. Long Island R. R. Co., 458 F.3d 80, 90 (2d Cir. 2006) ("A witness's testimony as to the pain he . . . experienced is admissible under Rule 701 to show the cause and extent of such injuries if it is based on the witness's own perceptions.").

3

Therefore, each of Plaintiff's requests for reconsideration, (ECF Nos. 222, 223), is DENIED.

Dated:  July 2, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge