UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE McNEAL, | No.  2:05-cv-441-GEB-EFB P |
| Plaintiff, | |
| v. | ORDER |
| EVERT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He requests waiver of trial witness fees and an order directing defendants to name the proper party to be substituted for deceased defendant Chatham.  ECF Nos. 235, 236.

Plaintiff's request for a waiver of witness fees is entitled "motion to proceed in forma pauperis," suggesting that in forma pauperis status would somehow entitle him to a waiver of the fees.  ECF No. 235.  Plaintiff was granted in forma pauperis status on April 28, 2005, which he retains today.  ECF No. 6.  Thus, the new request is duplicative.  However, plaintiff's in forma pauperis status does not provide the court with authority to waive witness fees and travel expenses.  *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).  In extraordinary circumstances, it may be possible for the court to order payment of witness fees out of its non-appropriated fund. *See Giraldes v. Prebula*, No. S-01-2110 LKK/EFB, 2012 U.S. Dist. LEXIS 54620, at *3-5 (E.D. Cal. Apr. 18, 2012) (citing United States Administrative Office Guide to Judiciary Policy, Vol.

13, § 1220); *Whitfield v. Hernandez*, No. 1:13-cv-0724-JLT, 2015 U.S. Dist. LEXIS 154013, at *3-4 (Nov. 12, 2015). Plaintiff has not presented extraordinary circumstances here. He has provided no explanation of why each unincarcerated witness is necessary. Many of plaintiff's proposed witnesses also appear on defendants' witness list and plaintiff will be permitted to question any witness defendants present. ECF No. 180 at 12-15. The court's non-appropriated fund is simply too meager to cover the witness expenses for every indigent litigant in the district. Accordingly, plaintiff's request for a waiver of witness fees is denied.

Plaintiff next seeks an order compelling defendants to provide him with a proper party to be substituted in place of defendant Chatham. ECF No. 236. On April 30, 2015, the court deemed plaintiff's motion for substitution amended to name Roy Chatham as the proper party to be substituted for deceased defendant Chatham. ECF No. 201. The court ordered defense counsel to serve a copy of the motion on Roy Chatham and provided Mr. Chatham with an opportunity to oppose the motion. *Id.* Mr. Chatham submitted no opposition, and defendants submitted a statement of non-opposition to the substitution. ECF No. 204. Accordingly, the instant motion is construed as a renewed motion to substitute Roy Chatham in place of deceased defendant Chatham and, so construed, it is granted.

In sum, it is hereby ORDERED that:

1. Plaintiff's motion for a waiver of witness fees (ECF No. 235) is denied.
2. Plaintiff's motion for substitution (ECF No. 236) is granted.
3. Roy Chatham is substituted for deceased defendant Chatham.
4. Defense counsel shall serve a copy of this order on Roy Chatham within 7 days of the date of this order.

Dated:  January 12, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE