UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE McNEAL,<br><br>        Plaintiff,<br><br>   v.<br><br>LOCKIE, ERVIN, CHATHAM, and VAN LEER,<br><br>        Defendants. | No.  2:05-cv-00441-GEB-EFB<br><br>**ORDER DENYING PLAINTIFF'S RECONSIDERATION REQUEST** |

On January 26, 2016, Plaintiff filed an objection, in which he seeks reconsideration of the Magistrate Judge's January 12, 2016 order denying his request for a waiver of witness fees. (Pl.'s Mot. & Decl. Objecting to Order, ECF No. 248.) The Magistrate Judge denied Plaintiff's request in that order stating, *inter alia*:

> [P]laintiff's in forma pauperis status does not provide the court with authority to waive witness fees and travel expenses. Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989). In extraordinary circumstances, it may be possible for the court to order payment of witness fees out of its non-appropriated fund. See Giraldes v. Prebula, No. S-01-2110 LKK/EFB, 2012 U.S. Dist. LEXIS 54620, at *3-5 (E.D. Cal. Apr. 18, 2012) (citing United States Administrative Office Guide to Judiciary Policy, Vol. 13, § 1220); Whitfield v. Hernandez, No. 1:13-cv-0724-JLT, 2015 U.S. Dist. LEXIS 154013, at *3-4 (Nov. 12, 2015). Plaintiff has not presented extraordinary

1

|   |   |
|---|---|
| 1 | circumstances here. He has provided no explanation of why each unincarcerated witness is necessary. Many of plaintiff's proposed witnesses also appear on defendants' witness list and plaintiff will be permitted to question any witness defendants present. ECF No. 180 at 12-15. The court's non-appropriated fund is simply too meager to cover the witness expenses for every indigent litigant in the district. Accordingly, plaintiff's request for a waiver of witness fees is denied. |

(Order 1:23-2:7, ECF No. 242.)

Plaintiff avers in support of his objection, in relevant part:

> [The Magistrate Judge's January 12, 2016 Order] on page 2 lines 3-4 state[s] that "Many of plaintiff's proposed witnesses also appear on defendants['] witness list. Plaintiff object[s] to this. Plaintiff's list ha[s] doctors that have treated plaintiff. Defendants['] list does not. Defendants['] witness Chief Medical Executive Dr. Swingle[] is what her title . . . stat[es,] an executive[, who] has never examine[d] plaintiff about injuries attach[ed] to this excessive force. This presents extraordinary circumstances. Plaintiff['s] witnesses are doctors.
>
> Plaintiff is requesting that [the C]ourt[] make non-appropriated fund[s] available for Dr. Miller (H.D.S.P.) for testimony about plaintiff's testicle injury. Dr. Jackson (Corcoran) for testimony about plaintiff's neck injury and Dr. Rouch NP-C (Corcoran) for testimony about plaintiff's left shoulder injury. These three doctors do[] not appear on defendants['] witness list.

(Pl.'s Decl. ISO Obj. ¶¶ 4-5, ECF No. 248 (paragraph numbers omitted).)

Local Rule 303(f) states: "[t]he standard that the assigned Judge shall use in [reconsideration of a Magistrate Judge's ruling] is the 'clearly erroneous or contrary to law'

2

standard set forth in 28 U.S.C. § 636(b)(1)(A)." "A [M]agistrate [J]udge's factual findings are 'clearly erroneous' when the district court is left with the definite and firm conviction that a mistake has been committed." Mackey v. Frazier Park Pub. Util. Dist., No. 1:12-CV-00116-LJO-JLT, 2012 WL 5304758, at *2 (E.D. Cal. Oct. 25, 2012) (quoting Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997)). "An order 'is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Id. (quoting Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008)).

Plaintiff has not shown that the Magistrate Judge's decision denying his request to waive witness fees was clearly erroneous or contrary to law. "The magistrate judge correctly ruled that 28 U.S.C. § 1915, the in forma pauperis statute, does not waive payment of fees or expenses for witnesses." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (citing Teddler v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989)). Further, although this Court has a non-appropriated fund, and General Order 510 prescribes a procedure whereby "pro bono counsel appointed in indigent pro se civil cases" may "request reimbursement from the Court's Non Appropriated Fund . . . [for] certain expenses[,]" Plaintiff has not shown that this General Order governs his request since he is unrepresented. See Antonetti v. Dist. Court, No. 3:10-cv-00158-LRH-WGC, 2013 U.S. Dist. LEXIS 20124, at *14 (Feb. 13, 2013) ("While it is true that the District of Nevada, like the [Eastern District of California] has a 'non-appropriated fund,' distributions from that fund may be made to reimburse out-

of-pocket expenses *incurred by court-appointed attorneys*. Since no attorney has been appointed for Plaintiff, this provision is seemingly unavailable for the provision of . . . witness fees in this case."). "The availability of limited non-appropriated funds does not translate into a generalized right for a pro se litigant to have his costs of litigation paid out of these funds." <u>Whitfiled v. Hernandez</u>, No. 1:13-cv-0724-JLT, 2015 U.S. Dist. LEXIS 154013, at *3 (E.D. Cal. Nov. 12, 2015).

For the stated reasons, Plaintiff's objection, seeking reconsideration of the Magistrate Judge's January 12, 2016 order is DENIED.

Dated: February 5, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4