UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE MCNEAL,<br><br>        Plaintiff,<br><br>   v.<br><br>EVERT, et al.,<br><br>        Defendants. | No. 2:05-cv-0441-GEB-EFB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE PRETRIAL ORDER** |

On February 8, 2017, Defendants filed a motion to modify the portion of the Pretrial Order filed on February 24, 2015, concerning the expert witnesses listed therein. Defs.' Mot. ("Mot."), ECF No. 281. The Pretrial Order lists the following expert witnesses: Correctional Captain R. Plainer ("Plainer") (regarding use of force policies and procedures . . ."), and Chief Medical Executive Dr. D. Swingle **"or her designee (regarding plaintiff's injuries and their cause)."** ("Dr. Swingle"). Pretrial Order ("PO")(Emphasis added), 15:24-27, ECF No. 180. Defendants argue as follows that changed circumstances justify the modification they seek:

    Since [the date the Pretrial Order issued],

1

> the trial date in this case has been set and re-set on five occasions, and Dr. Swingle has retired from [the California Department of Corrections and Rehabilitation ("CDCR")], precluding her from participating in the trial currently scheduled to begin on October 24, 2017. Defendants request to change . . . Plainer's designation from non-retained to a retained expert as he has also retired from CDCR. Defendants therefore request the Court to allow them to call Galen H. Church, D.O. [("Dr. Church")], an employee of [CDCR] as the Chief Physician and Surgeon at the Correctional Health Care Facility in Stockton, California, as a medical expert, who will render substantially the same opinions as Dr. Swingle. Defendants also request the Court change . . . Plainer's designation from non-retained to retained expert.

Mot. 1:28-2:8, ECF No. 281. Defendants' counsel declares "that following [Dr. Swingle's] retirement, attempts had been made to contact her and she was not responding." Plaintiff opposes Defendants' motion. Pl.'s Opp'n ("Opp'n"), ECF No. 282.

**LEGAL STANDARD**

Rule 16(e) of the Federal Rules of Civil Procedure prescribes that a final pretrial order may be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Four non-exclusive factors are considered when determining whether a modification is justified under the manifest injustice standard:

> (1) the degree of prejudice to [Defendants] from a failure to modify; (2) the degree of prejudice to [P]laintiff from a modification; (3) the impact of a modification at [this] stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part of [Defendants].

United States v. First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981). The movants for modification have "the burden

2

of showing that an amendment to the pretrial order [is] necessary to prevent 'manifest injustice.'" Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005).

**DISCUSSION**

**A. Dr. Swingle**

Defendants contend they "will be greatly prejudiced in the event they are not permitted to substitute [a medical expert named] Dr. Galen Church for Dr. Swingle." Defs.' Reply ("Reply") 2:13-14, ECF No. 283. However, the manifest injustice standard has not been shown applicable to this requested modification since the PTO authorizes an expert "designee [change] regarding plaintiff's injuries and their cause" and "a pretrial order should . . . be liberally construed to permit evidence . . . at trial that can fairly be said to be embraced within its language." First Nat'l Bank of Circle, 652 F.2d at 886. Therefore, this modification is granted.

**B. Plainer**

Defendants also seek to change "Plainer's [expert witness] designation [in the Pretrial Order] from non-retained to retained expert." Reply 1:24, ECF No. 283. The Pretrial Order identifies Plainer only as "Expert Witness Correctional Captain R. Plainer (regarding use of force policies and procedures at [High Desert State Prison])." PO 15:24-25, ECF No. 180.

However, Defendants specific designation of Plainer as a retained expert in their motion triggers additional disclosure obligations under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. This rule prescribes in pertinent part that in addition to providing Plainer's identity, Defendants' retained

expert witness "disclosure [for Plainer] must be accompanied by a written report — prepared and signed by the witness." Defendants include in their motion a declaration that "[a] copy of Mr. Plainer's report was served on Plaintiff on February 8, 2017, Anderson Decl. ¶ 6, ECF No. 281, and Defendants state in their motion that they have "offer[ed] to make . . . Plainer available for deposition[] prior to trial." Mot. 3:25-26, ECF No. 281. Since Defendants have shown their necessity for changing Plainer's expert status from non-retained to retained, and have made the required additional disclosure obligations under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, the Pretrial Order is modified as Defendants request and Plainer is therefore Defendants' retained expert witness.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Modify the Pretrial Order is GRANTED.

IT IS SO ORDERED.

Dated: April 21, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge