UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE MCNEAL, <br><br> Plaintiff, <br><br> v. <br><br> F. LECKIE; A ERVIN; R. CHATHAM, substituted party for C. Chatham, deceased; and D. VAN LEER, <br><br> Defendants. | No. 2:05-cv-00441-GEB-EFB <br><br> **ORDER DENYING DISCOVERY MOTIONS** |

Plaintiff filed two identical discovery motions on October 5, 2016 (ECF Nos. 273 and 274), which he characterizes as motions for in camera review of each defendant's personnel records. The referenced personnel records have not been submitted to chambers for in camera review, and Plaintiff's motions appear to seek production of the referenced records for such review after the expiration of the prescribed discovery completion date in this case.

However, Plaintiff has not shown under the manifest injustice standard that he should be authorized to conduct the referenced discovery. Since the motions were filed after a pretrial order was filed and after the prescribed date by which discovery was to have completed has expired, a modification to that discovery completion date is authorized "only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Hunt v.

1

County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (stating the following four factors should be considered when deciding whether to modify a prescribed completion deadline under the manifest injustice standard: "(1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification") (citations omitted).

Since Plaintiff has not shown that the discovery he seeks should be authorized under the manifest injustice standard, his motions are denied.

IT IS SO ORDERED.

Dated: June 27, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge