UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

          Plaintiff,

   v.

EVERT, et al.,

          Defendants.

No. 2:05-cv-0441-GEB

**THIRD SUPPLEMENT TO PRETRIAL ORDER; PROPOSED TRIAL DOCUMENTS; ORDER ON PLAINTIFF'S PENDING MOTIONS; AND SUA SPONTE ORDER ON DEFENDANTS' AFFIRMATIVE DEFENSES**

A trial confirmation hearing was held in this case on September 15, 2017 (hereinafter referenced as, the "TCH"). Plaintiff appeared in propria persona, and Defendants appeared through counsel. This order supplements the February 24, 2015 Pretrial Order ("PO"), ECF No. 180, the May 22, 2015 Supplement to the Pretrial Order ("Supp. to PO"), ECF No. 206, and the June 1, 2015 Second Supplement to the Pretrial Order ("Second Supp. to PO"), ECF No. 210.

Attached are proposed Voir Dire, Initial Jury Instructions, Closing Jury Instructions, and the Verdict Form which includes most of Defendants' proposed Special Interrogatories concerning each Defendant's qualified immunity affirmative defense; also attached are the proposed Punitive Damages Jury Instruction and Punitive Damages Verdict Form, which are only used if the jury finds a Defendant is liable for

punitive damages. If a party has a response to anything in an attached document, the response shall be filed, as soon as practicable, but no later than seven days before the presently scheduled October 24, 2017 trial commencement date; in other words, whether or not the presently scheduled trial commencement date is continued, the response is still due as stated. Failure to respond shall be deemed acquiescence to what is attached.

During the TCH, the Judge explained to the parties that because the Judge's caseload consists primarily of criminal cases, he has a congested criminal trial docket, and therefore it is highly unlikely that this civil trial will commence as scheduled. It is unfortunate that Plaintiff asked to continue a previously scheduled trial in this case, which did not conflict with any scheduled criminal trial. The parties were also informed that they have the option, if they so elect, to consent to proceed before the assigned Magistrate Judge. During the TCH, Plaintiff consented to proceed before the assigned Magistrate Judge. Defense counsel stated that in light of the congested nature of the District Judge's criminal docket, defense counsel will ask Defendants whether they desire to proceed before the assigned Magistrate Judge. If Defendants ultimately elect to proceed before the assigned Magistrate Judge, following that election the parties shall contact the assigned Magistrate Judge's courtroom deputy clerk for the purpose of scheduling a trial commencement date that is mutually convenient for the assigned Magistrate Judge and the parties.

The parties stipulated at the TCH that Defendants acted under color of law and that this issue need not be presented to

the jury in a jury instruction.

Plaintiff agreed at the TCH to the following: during trial proceedings, he will wear leg restraints affixed to a stationary device under the plaintiff's table where he will be seated and the restraints will be shielded from the jury's view by that table's front and side panels and a piece of fabric that extends from the base of one panel to the floor; he will present opening and closing arguments from the plaintiff's table; if he decides to testify, he will testify from the plaintiff's table and defense counsel will question him from the defense table; and trial exhibits will be placed near the witness stand for use during trial.

The voir dire process was discussed at the TCH. Eight (8) jurors will be impaneled using the "struck jury" system. The judge will conduct voir dire; if a party elects to ask follow-up questions, each side agreed that ten (10) minutes per side is sufficient for such questions. The "Query re Excuse Potential Juror" sheet and "Strike Sheet," which will be used during the jury selection process, were discussed and provided to the parties during the TCH. Additionally, at the TCH, Plaintiff stated he could not identify the correctional officer that allegedly placed restraint devices on him too tightly, and Plaintiff consented to dismissal of this allegation.

The trial will be conducted in two phases: liability and punitive damages. If the jury finds punitive damages are recoverable in the liability phase, the second phase of trial on the amount of punitive damages will immediately follow that jury decision. During the second phase, a separate punitive damages

jury instruction will be read to the jury; each side may make a closing argument on the amount of punitive damages; and the jury will then be instructed on punitive damages and will resume deliberation on the amount of punitive damages.

The Initial Jury Instructions have been revised and now include a new Instruction No. 4 setting forth the undisputed facts contained in the Pretrial Order. PO 2:1-21.

The Closing Jury Instructions have also been revised. To aid the review of the attached instructions, certain revisions are explained herein; because of the revisions, the attached instructions no longer correspond with the instruction numbers in the version of Closing Jury Instructions provided to the parties during the TCH. Instruction No. 3 has been omitted, but the causation language from that instruction has been moved to element three in Instruction No. 4. Two new instructions have been added to the Closing Jury Instructions: an instruction reiterating the factors a jury could consider when assessing a witness's credibility and an instruction explaining that the jury may use a felony conviction when assessing a witness's credibility. The "preponderance of the evidence" definition is now defined in Instruction No. 6. Instruction No. 10, formerly Instruction No. 9, has been amended to reflect that punitive damages may be awarded even if the jury awards Plaintiff only nominal damages. See Model Civ. Jury Instr. 9th Cir. 5.5 (2007) (updated 2017); Arizona v. ASARCO LLC, 773 F.3d 1050, 1058 (9th Cir. 2014) (indicating that punitive damages may be awarded upon a nominal damages finding and stating: "Because nominal damages measure neither damage nor severity of conduct, it is not

4

appropriate to examine the ratio of a nominal damages award to a punitive damages award.").

Additionally, Instruction No. 7 of the Closing Jury Instructions, formerly Instruction No. 6, has been revised to define the term "de minimis" in light of the following: Plaintiff's proposed jury instruction on damages for emotional distress, Pl.'s Proposed Instr. 3:9, ECF No. 292; and the portion of the Pretrial Order discussing Plaintiff's obligation to show that the injury he sustained, as a result of his allegations that his Eighth Amendment right has been violated, is more than a de minimis injury, PO 8:10-9:8 (quoting Defs.' Pretrial Stmt. 8:3-9:18, ECF No. 168). Specifically, the Pretrial Order quotes Defendants' argument from their Pretrial Statement, as follows: "Plaintiff must plead a physical injury within the meaning of the [Prison Litigation Reform Act] in order to recover damages for mental or emotional injuries . . . [which] requires [a] show[ing of] more than a de minimis physical injury." PO 8:13-14, 8:27-28 (citations omitted) (quoting Defs.' Pretrial Stmt. 8:7-9, 9:4-5). The authority Defendants provided, however, to describe the de minimis standard was explicitly rejected by the Ninth Circuit in Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) ("Appellees cite Luong v. Hatt, 979 F.Supp. 481 (N.D. Tex. 1997) [but this] proposed standard requires too much."). But the Oliver decision does not provide a definition of the term "de minimis." Id. at 627-628. In the absence of statutory or other guidance in defining a term, "[a] dictionary definition[ may help] to clarify the ordinary meaning of [the] term[]." United States v. Lettiere, 640 F.3d 1271, 1275 (9th Cir. 2011) (emphasis omitted)

5

(internal quotation marks and citations omitted). Black's Law Dictionary defines the term "de minimis" as "[t]rifling; negligible [or] insignificant." DE MINIMIS, Black's Law Dictionary (10th ed. 2014).

The verdict forms were discussed at the TCH; however, previously marked Question No. 25, in Defendants' Proposed Special Interrogatories, ECF No. 227, that were discussed during the TCH, has been omitted since it contradicts Undisputed Facts Nos. 7 and 8 in the Pretrial Order, PO 2:14-17; also, previously marked Question No. 29 in Defendants' Proposed Special Interrogatories has been omitted since it contradicts Undisputed Facts Nos. 9 and 10 in the Pretrial Order, PO 2:18-19. As prescribed in Rule 16 of the Federal Rules of Civil Procedure, "[a pretrial] order controls the course of the action unless the court modifies it . . . to prevent manifest injustice." Fed. R. Civ. P. 16(d)-(e). Since the Pretrial Order contains undisputed facts, these facts that have been found to be uncontested will be read to the jury in the Initial Jury Instructions.

During the TCH, it was decided that each side's opening statement shall not exceed fifteen (15) minutes,[1] and each side's closing argument during the liability phase of the trial shall not exceed forty-five (45) minutes. If a second phase of trial ensues to assess the amount of punitive damages, each side's closing argument shall not exceed ten (10) minutes.

---

[1] The Supplement to the Pretrial Order states, "[e]ach side's opening statement shall not exceed ten (10) minutes," Supp. to PO 6:17-18; however, at the TCH, the parties requested fifteen (15) minutes per side, which was granted.

**Pending Motions**

During the TCH, the Judge informed Plaintiff that his motion, docketed as ECF No. 291, in which he seeks clarification on what legal documents he should bring to the TCH was not previously addressed because the Judge did not realize that the TCH was scheduled as early as it was, but nevertheless, the motion was denied because it seeks an advisory ruling.

The Judge also denied at the TCH Plaintiff's motion, docketed as ECF No. 296, in which he seeks an order that would provide him with his physical therapy records and medical records. This motion was denied because Plaintiff has not satisfied the manifest injustice standard applicable to the motion, despite having been told about this standard in past orders. See ECF Nos. 225, 275, 286, 287.

Additionally, Plaintiff seeks in a third motion docketed as ECF No. 298, the following: Plaintiff makes a conclusory assertion for the "continuance of [the] trial" commencement date without providing any explanation justifying such continuance, and Plaintiff seeks a court order for his "immediate[] transfer back to [California] State Prison [in Centinela] where all of [his] . . . [l]egal material[s] [are located] . . . [or for] all five boxes . . . [to] be sent [to California State Prison in Sacramento] immediately." Id. 1:20-23, 2:1-4. Plaintiff explains in this motion that Defendants' attorney coordinated with correctional officers at California State Prison in Centinela to transfer two boxes of his legal materials to the California State Prison in Sacramento, but that the transferred materials were not the materials Plaintiff needs

for the instant case. Id. 1:4-14. Plaintiff has not shown that these matters warrant judicial decision; therefore, this motion is denied.

**For the stated reasons, Plaintiff's three motions, docketed as ECF Nos. 291, 296, and 298, are denied.**

The remaining motion was raised by the District Judge in the Supplement to the Pretrial Order, in which defendants were provided notice to "file a supplemental pretrial statement . . . succinctly setting forth each bona fide affirmative defense[] that each Defendant preserved for trial in the PO, and the ultimate facts on which each affirmative defense is based" and a warning that failure to do so could result in "an affirmative defense . . . be[ing] dismissed sua sponte." Supp. to PO 2:2-8. Defendants' following two affirmative defenses will be dismissed because of Defendants' failure to support each affirmative defense with "ultimate facts" showing the existence of viable defenses: Plaintiff's claims barred by his failure to exhaust administrative remedies and Plaintiff's claims barred by the principle that the United States Supreme Court enunciated in Heck v. Humphrey, 512 U.S. 477 (1994). Defendants' Supplemental Pretrial Statement failed to show the existence of factual support for each affirmative defense. Defs.' Supp. to Pretrial Stmt., ECF No. 209. Specifically, Defendants do not present facts or evidence concerning what, if any, administrative remedies were available to Plaintiff or what administrative courses of action Plaintiff took or did not take; rather, Defendants simply make the conclusory assertion that Plaintiff failed to exhaust administrative remedies. Since Defendants

failed to satisfy their burden of stating facts supporting the existence of "an available administrative remedy" and that Plaintiff "did not exhaust that available remedy," this affirmative defense is dismissed.  See Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (holding "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy").  Nor did Defendants provide facts in their Supplemental Pretrial Statement supporting their affirmative defense that Plaintiff's claims are barred by the principle enunciated in the United States Supreme Court case Heck v. Humphrey, 512 U.S. 477 (1994).[2]  Defendants fail to provide facts evincing that "[P]laintiff['s] . . . [instant] civil rights action . . . challeng[es] the legality of his conviction, [sentence or prison disciplinary hearing], so that his victory would . . . render [his] conviction or sentence [or prison disciplinary hearing] invalid."  Heck, 512 U.S. at 477; see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying the principle in Heck to prison disciplinary hearings and holding that a prisoner's "allegations of deceit and bias on the part of the [prison disciplinary hearing] decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983").  Defendants have provided no evidence that a jury's finding in Plaintiff's favor that a Defendant used excessive force or failed to intervene in

---

[2]    Defendants provided a subsequent filing concerning this defense in their Trial Brief, ECF No. 255, more than eight months after the District Judge's deadline for providing "ultimate facts," prescribed in the Supplement to the Pretrial Order.  Defendants' Trial Brief contains some facts in support of this affirmative defense that were not included in response to that Order; however, these facts are not sufficient to show that this is a viable affirmative defense.

protecting against another's excessive force would render invalid any disciplinary sanction Plaintiff received regarding an earlier food tray incident involved in the instant civil rights lawsuit. Therefore, Defendants' affirmative defense asserted under <u>Heck</u> is dismissed.

**For the stated reasons, Defendants' affirmative defenses that Plaintiff's failed to exhaust available administrative remedies and that Plaintiff's claims are barred under the principle explained in <u>Heck</u> are dismissed.**

IT IS SO ORDERED.

Dated:  September 27, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

**VOIR DIRE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

            Plaintiff,

    v.

EVERT, et al.,

            Defendants.

No. 2:05-cv-0441-GEB

**VOIR DIRE**

      1.  Ms. Furstenau, please administer the oath to the panel. Good morning, and welcome to the United States District Court. Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our legal system.

      The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. She is on the platform below me on my left side. Next to her is the Certified Court Reporter.

      2.  The Jury Administrator has already randomly selected potential jurors and placed their names on a sheet that has been provided to each party. The names are listed in the numerical sequence in which they were randomly selected, and each juror has been placed in his or her randomly-selected seat, and has a large laminated card showing the number of his or her random selection.

1

1     3.   I will ask a series of questions to the jurors as

2   a group.  If you have a response, please raise your hand or the

3   number you have been given, which reflects the order in which you

4   were randomly selected to be considered for service as a juror on

5   this case.  Generally, you will be given an opportunity to

6   respond in accordance with the numerical order in which you are

7   seated, with the juror having the lowest number responding first.

8   If no juror raises his or her hand, I will simply state "no

9   response" for the record and then ask the next question.  If you

10  know it is your turn to respond to a question, you may respond

11  before I call your name by stating the number on the laminated

12  card you have.

13     I am about to ask you questions intended to provide the

14  parties with information about each prospective juror, so that

15  each side is in a better position to select individuals to serve

16  as jurors.

17     4.   This lawsuit concerns Plaintiff's allegations that

18  each Defendant used excessive force against Plaintiff and/or

19  failed to prevent use of that force.  Specifically, Plaintiff

20  alleges that excessive force was applied when he was escorted

21  from a prison program office to a holding cell.

22     Is there anything about the allegations which might

23  interfere with your ability to be a fair and impartial juror in

24  this case?

25     5.   A party estimated that it may take three days to

26  complete the evidence and closing argument portion of the trial.

27  A trial day is scheduled to begin at 9:00 a.m. and usually ends

28  around 4:30 p.m.  As soon as you commence jury deliberations, you

will be expected to deliberate as necessary during these hours, but not on the weekends, until you complete your deliberations. Will any of you find it difficult or impossible to participate as a juror in the trial?

6.   Each party may now make desired introductions, including the name of any witness who may testify during the trial.

Do you know any individual just named?

7.   Do you have any belief or feeling towards any of the parties, attorneys, or witnesses that might be regarded as a bias or prejudice for or against any of them?

8.   Is there any member of the panel who has a problem that would make it difficult to serve as juror in this case?

9.   Have you ever served as a juror before?

i.   Please state the nature of the case and, without stating the result reached, state whether the jury reached a verdict.

10.  During the trial, each of you will have to determine which witnesses are telling the truth.  Please raise your hand if you are unwilling or not comfortable judging a witness's credibility.

11.  Is there any reason why you could not be fair and impartial to both sides in this case?

12.  Would you tend to believe the testimony of a correctional officer just because the witness is or was a correctional officer?

13.  Would you tend not to believe the testimony of a correctional officer just because the witness is or was a

correctional officer?

14. Have you or any close relative ever been arrested by a peace officer?

15. Have you or any close relative or friend ever been incarcerated in jail or prison?

16. Do you have any close relative or friend employed as a law enforcement officer or correctional officer?

17. Plaintiff will present his case first. Only after Plaintiff has presented his case will Defendants have an opportunity to present their side of the case. Please raise your hand if you cannot agree to keep an open mind and make no decisions about the evidence until after all the evidence has been presented by both sides and I have instructed you regarding the law in this case.

18. At the close of this case, I will instruct you on the law. Please raise your hand if you think you will accept and follow my instructions on the law.

19. Is there anything we have not discussed that you believe could have a bearing on your ability to be a fair and impartial juror in this case, or that you suspect a trial participant would desire to know?

20. My deputy clerk will give the juror in seat number one a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions.

Please state:

    a. your juror seat number;

    b. your name and educational background;

4

1    c.   the educational background of any person
2         residing with you;
3    d.   your present and former occupations; and
4    e.   the present and former occupations of any
5         person residing with you.

1
2
3
4
5
6                        **<u>INITIAL JURY INSTRUCTIONS</u>**
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INSTRUCTION NO. 1

Ladies and gentlemen: you are now the jury in this case. It is my duty to instruct you on the law. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO. 2

This is not a lawsuit against the State of California or against the California Department of Corrections and Rehabilitation or any prison of the California Department of Corrections and Rehabilitation.

This is a lawsuit against each Defendant. Whether the State of California would or would not reimburse a Defendant is irrelevant and should not be considered.

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits which are received in evidence; and

any facts to which the parties agree.

INSTRUCTION NO. 4

An order issued before trial finding the following facts to be undisputed; you must therefore treat these facts as having been proved:

- At all times relevant to this case, Plaintiff was in the custody of the California Department of Corrections and Rehabilitation at High Desert State Prison, housed in Facility C, Building Seven, Cell Number 221.

- At all times relevant to this case, Defendants Leckie, Ervin, Chatham, and Van Leer were employed by the California Department of Corrections at High Desert State Prison in Facility C, Building Seven.

- On July 11, 2004, Defendant Van Leer interviewed Plaintiff in the Facility C program office.

- Following the interview, Defendant Van Leer told Defendant Leckie and another correctional officer to take Plaintiff to a holding cell.

- Defendant Leckie and another correctional officer told Plaintiff to go to his knees and then forced Plaintiff to the ground on the way to the holding cell.

- Defendants Chatham and Ervin assisted in restraining Plaintiff.

- Plaintiff was placed in the holding cell in a "triangle retention device" or "handcuff retention device" secured to the door of the cell.

- Plaintiff asked Defendant Van Leer to remove the retention device and loosen the handcuffs.

- Plaintiff slumped over or passed out in the holding

cell.

- Defendant Van Leer called medical assistant Barton to examine Plaintiff.
- Plaintiff sustained scratches or abrasions to both knees and swelling in his wrist as a result of the incident.

It is for you to determine the effect or weight to be given to these facts.

INSTRUCTION NO. 5

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

Arguments and statements by parties are not evidence unless offered in sworn testimony. What Plaintiff and Defendants' lawyers may say in an opening statement, in a closing argument, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way Plaintiff and Defendants' lawyers state them in their opening statements or closing arguments, your memory of them controls.

Questions and objections by Plaintiff and Defendants' lawyers are not evidence. Litigants may object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Testimony that may be excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits may be received only for a limited purpose; when I give a limiting instruction, you must follow it.

Finally, anything you may have seen or heard when Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7

There are rules of evidence that control what can be received into evidence. When a lawyer or a party representing himself asks a question or offers an exhibit into evidence and the other party thinks that it is not permitted by the rules of evidence, the party who questions the admissibility may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 8

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

INSTRUCTION NO. 10

I will now say a few words about your conduct as jurors.

You are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or by any other medium. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

If you need to communicate with me simply give a signed note to the Court Security Officer to give to me;

Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then; and

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

INSTRUCTION NO. 11

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

INSTRUCTION NO. 12

     If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes shall be left on the seat you now occupy. No one will read your notes. They will be destroyed at the conclusion of the case.

     Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 13

2          The next phase of trial will now begin.  First, each

3    side may make an opening statement.  An opening statement is not

4    evidence.  It is simply an outline to help you understand what

5    that party expects the evidence will show.  A party is not

6    required to make an opening statement.

7          Plaintiff will then present evidence, including witness

8    testimony, and Defendants may cross-examine any witness.  Then

9    Defendants may present witnesses, and Plaintiff may cross-

10   examine.

11         After the evidence has been presented, I will instruct

12   you on the law that applies to the case, and Plaintiff and

13   Defendants' lawyers will make closing arguments.

14         After that, you will go to the jury room to deliberate

15   on your verdict.

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLOSING JURY INSTRUCTIONS**

# INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and the arguments by Plaintiff and Defendants' lawyers, it is my duty to instruct you on the law which applies to this case. Each of you now possesses a copy of these jury instructions, which you may take with you into the jury room for your use if you desire.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of the instructions and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done that may be viewed as a suggestion as to what verdict you should return – that is a matter entirely up to you.

INSTRUCTION NO. 2

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

INSTRUCTION NO. 3

The evidence that a witness has a felony conviction may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

INSTRUCTION NO. 4

Plaintiff alleges Defendants Leckie, Ervin, and Chatham each violated his right under the Eighth Amendment to the United States Constitution by applying excessive force against him when said Defendant escorted Plaintiff from a program office, in the federal prison where Plaintiff was housed, to a holding cell.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." To prove that a Defendant deprived Plaintiff of this Eighth Amendment right, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, the Defendant used excessive and unnecessary force when escorting Plaintiff from a program office to a holding cell;

Second, the Defendant acted maliciously and sadistically for the purpose of causing harm; and

Third, the acts of the Defendant caused harm to Plaintiff. To prove that a Defendant's act caused harm to Plaintiff, Plaintiff must show that the acts were so closely related to the deprivation of Plaintiff's rights as to be the moving force behind the ultimate injury.

In determining whether a Defendant used excessive force in this case, consider the need to use force, the relationship between that need and the amount of force used, whether the Defendant applied the force in a good faith effort to maintain or restore discipline, any threat reasonably perceived by the Defendant, any efforts made to temper the severity of a forceful response, and the extent of the injury suffered. In considering

4

these factors, you should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security in a prison.

INSTRUCTION NO. 5

Plaintiff alleges Defendants Chatham and Van Leer violated his right under the Eighth Amendment to the United States Constitution when they failed to intervene to stop the use of excessive force inflicted on Plaintiff.

To prove a Defendant failed to intervene to protect Plaintiff, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Plaintiff was deprived of his right under the Eighth Amendment to the United States Constitution when correctional officers employed excessive force against him;

Second, Defendants Chatham and Van Leer had a duty to intervene. I instruct you that a correctional officer has a duty to intervene to prevent the use of excessive force by a fellow correctional officer;

Third, said Defendant had a reasonable opportunity to intervene; and

Fourth, said Defendant failed to intervene.

INSTRUCTION NO. 6

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 7

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by a Defendant. You should consider the nature and extent of the injuries, including any physical, mental, or emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved. However, if you find Plaintiff suffered mental or emotional pain, you must also find he suffered a physical injury that is more than de minimis before you may award compensatory damages for that mental or emotional pain. A de minimis injury is one that is trifling, negligible, or insignificant.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 8

Any award of compensatory damages must be reasonable. If you should find that Plaintiff is entitled to a verdict, you may award him only such compensatory damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case that he has sustained as a result of a Defendant's conduct.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future. If you should find that the Plaintiff is entitled to a verdict, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for the purpose of punishing a Defendant, or to serve as an example or warning for others.

INSTRUCTION NO. 9

The law which applies to this case authorizes an award of nominal damages. If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

INSTRUCTION NO. 10

If you find for Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that a Defendant's conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights, or a Defendant acts in the face of a perceived risk that its actions will violate Plaintiff's rights under federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Plaintiff.

Punitive damages may be awarded even if you award Plaintiff only nominal, and not compensatory, damages.

INSTRUCTION NO. 11

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in Court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But, do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 12

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. You are not to tell anyone — including me — how the jury stands, numerically or otherwise, on any question submitted to you, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**VERDICT FORM AND ACCOMPANYING SPECIAL INTERROGATORIES**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

             Plaintiff,

     v.

EVERT, et al.,

             Defendants.

No. 2:05-cv-0441-GEB

**VERDICT FORM**

      We, the jury, unanimously find the following verdict on the submitted questions:

      **QUESTION 1:**   Does Plaintiff prevail on his Eighth Amendment excessive force claim against Defendant?

                                            Answer:

     DEFENDANT F. LECKIE       _____ YES   _____ NO

     DEFENDANT A. ERVIN        _____ YES   _____ NO

     DEFENDANT C. CHATHAM     _____ YES   _____ NO

*Proceed to Question 2.*

      **QUESTION 2:**   Does Plaintiff prevail on his Eighth Amendment failure to intervene claim against Defendant?

                                            Answer:

     DEFENDANT C. CHATHAM     _____ YES   _____ NO

     DEFENDANT D. VAN VEER    _____ YES   _____ NO

*If you answered "No" to all Defendants in Questions 1 and 2, then sign, date, and return this verdict form to the Court. If you answered "YES" in Question 1 and/or 2, then proceed to Question 3*

1

*concerning the "YES" response.*

**QUESTION 3:** What amount of compensatory damages do you award to Plaintiff?

Amount:

DEFENDANT F. LECKIE      $_____

DEFENDANT A. ERVIN      $_____

DEFENDANT C. CHATHAM      $_____

DEFENDANT D. VAN VEER      $_____

                **TOTAL**   $_____

*If you entered an amount more than $0, then proceed to Question 5. If you entered $0, then proceed to Question 4.*

**QUESTION 4:** What amount of nominal damages do you award to Plaintiff, which may not exceed one dollar?

Amount:

DEFENDANT F. LECKIE      $_____

DEFENDANT A. ERVIN      $_____

DEFENDANT C. CHATHAM      $_____

DEFENDANT D. VAN VEER      $_____

                **TOTAL**   $_____

*Proceed to Question 5.*

**QUESTION 5:** Do you find that punitive damages are awarded to Plaintiff against Defendant?

Answer:

DEFENDANT F. LECKIE      _____ YES      _____ NO

DEFENDANT A. ERVIN      _____ YES      _____ NO

DEFENDANT C. CHATHAM      _____ YES      _____ NO

DEFENDANT D. VAN VEER      _____ YES      _____ NO

*Proceed to answer the remaining questions.*

**QUESTION 6:** Did Plaintiff dump or knock a dinner tray on the floor when Defendant Ervin attempted to serve him and his cell mate dinner through the food port?

Yes _____ No _____

**QUESTION 7:** Did Plaintiff reach through the food port and knock the second food tray out of Defendant Ervin's hand?

Yes _____ No _____

**QUESTION 8:** Did Plaintiff attempt to hit or strike Defendant Ervin when he stuck his hand through the food port?

Yes _____ No _____

**QUESTION 9:** Before being escorted to the Program Office to be interviewed about the incident that occurred at dinner time, did Plaintiff initially refuse to submit to handcuffs?

Yes _____ No _____

**QUESTION 10:** Did Plaintiff encourage his cell mate to also refuse to submit to handcuffs?

Yes _____ No _____

**QUESTION 11:** Once in the program office, did Plaintiff provide any detailed information regarding the food tray incident to Defendant Van Leer?

Yes _____ No _____

**QUESTION 12:** Was Plaintiff cooperative with Defendant Van Leer during the interview?

Yes _____ No _____

**QUESTION 13:** Did Defendant Van Leer order Plaintiff's removal for his failure to cooperate in the interview process?

Yes _____ No _____

**QUESTION 14:** Was Plaintiff ordered to stand to be escorted out of the Program Office when Defendant Van Leer ended the interview?

Yes _____ No _____

**QUESTION 15:** Did Plaintiff initially refuse to stand up from the chair he was seated in during the interview?

Yes _____ No _____

**QUESTION 16:** Did Plaintiff wrap his legs around the chair legs in a refusal to stand up?

Yes _____ No _____

**QUESTION 17:** Did Plaintiff eventually comply and stand up to be escorted out of the office?

Yes _____ No _____

**QUESTION 18:** Was Plaintiff compliant with the escort to the holding cell?

Yes _____ No _____

**QUESTION 19:** Did Plaintiff attempt to thwart officers' escort to the holding cell?

Yes _____ No _____

**QUESTION 20:** Did Plaintiff stop the escort by failing to continue to walk forward?

Yes _____ No _____

**QUESTION 21:** Did Plaintiff stiffen his body in an attempt to thwart Defendant Leckie and another officer's escort?

Yes _____ No _____

**QUESTION 22:** Was Plaintiff ordered to kneel down so leg restraints could be applied?

Yes _____ No _____

**QUESTION 23:** Did Plaintiff comply with officer orders to kneel down?

Yes _____ No _____

**QUESTION 24:** Did Plaintiff drop his body weight and force Defendant Leckie and another officer to hold him up?

Yes _____ No _____

**QUESTION 25:** Did Defendant Leckie and another officer slide Plaintiff to the ground once he dropped his body weight?

Yes _____ No _____

**QUESTION 26:** Once on the ground, did Plaintiff struggle with officers?

Yes _____ No _____

**QUESTION 27:** Did Plaintiff kick or move his legs in

an aggressive manner?

        Yes _____ No _____

        **QUESTION 28:**   Once leg restraints were applied, did Plaintiff follow order to stand up?

        Yes _____ No _____

        **QUESTION 29:**   After in a standing position, did Plaintiff follow orders to enter the holding cell?

        Yes _____ No _____

        **QUESTION 30:**   Did Defendant Van Leer attempt to loosen Plaintiff's handcuffs after Plaintiff requested him to do so?

        Yes _____ No _____

        **QUESTION 31:**   Did Defendant Van Leer deny Plaintiff's request to loosen his handcuffs?

        Yes _____ No _____

        **QUESTION 32:**   Did Defendant Van Leer ignore Plaintiff's request to loosen his handcuffs?

        Yes _____ No _____

(*Sign, date, and return this verdict form to the Court.*)


_____          _____
DATED                                                              PRESIDING JUROR

**PUNITIVE DAMAGES JURY INSTRUCTION AND**
**PUNITIVE DAMAGES VERDICT FORM, IF NECESSARY**

INSTRUCTION NO. 1

     Having found that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward the party. In considering the amount of any punitive damages, consider the degree of reprehensibility of each Defendant's conduct.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

           Plaintiff,

   v.

EVERT, et al.,

           Defendants.

No. 2:05-cv-0441-GEB

**PUNITIVE DAMAGES VERDICT FORM**

      We, the jury, unanimously find the following verdict on the submitted question:

      **QUESTION 1:** What amount of punitive damages do you assess against Defendant?

                                     Amount:

      DEFENDANT F. LECKIE      $_____

      DEFENDANT A. ERVIN       $_____

      DEFENDANT C. CHATHAM    $_____

      DEFENDANT D. VAN VEER   $_____

                     **TOTAL**  $_____

*(Sign, date, and return this verdict form to the Court.)*

_____     _____
DATED                               PRESIDING JUROR