UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON MCNEAL,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERT, et al.,<br><br>    Defendants. | No. 2:05-cv-00441-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Vernon McNeal's ("Plaintiff") Motion requesting to be transported to trial in a van. (ECF No. 353.) Plaintiff made a similar request in a motion filed June 18, 2018. (ECF No. 342.) Therein, Plaintiff asserted that he was previously transported to North Kern State Prison for a court date that did not occur, and that the unnecessary transport was done in retaliation for his pending lawsuits. (*Id.* at 2–4.) Plaintiff additionally claimed he has a preexisting back injury and that repeated bus rides cause further damage to that preexisting condition. (*Id.* at 4.) In his present Motion, Plaintiff maintains that his back is injured, and states he will refuse to take a bus to trial. (ECF No. 353 at 2.)

Although the Court has the general authority to issue all writs necessary or appropriate in the furtherance of its jurisdiction (*see* 28 U.S.C. § 1651), decisions such as the housing and the mode of transportation of a prisoner are generally left to the purview of the CDCR. Indeed, such issues present security concerns that are better left to the judgment of prison officials. *See, e.g.*,

1

*Holleman v. Aramark Corp.*, No. 1:11-cv-323-TWP-DKL, 2013 WL 1403054 (S.D. Ind. April 5, 2013) ("There is no doubt that transporting a prisoner . . . presents security issues. The court defers to the judgment of the prison officials in this context."). Absent a showing of a constitutional or other legal violation, then, the Court is not inclined to interfere with the CDCR's expertise.

In the present case, Plaintiff has not established that transportation in a bus will cause him injury beyond vague allegations that he has a preexisting injury (*see, e.g.*, ECF No. 342 at 4; ECF No. 353 at 2), nor has he shown how or why transportation in a van—as opposed to a bus—would prevent injury or the exacerbation of any preexisting injury. Of course, Plaintiff is free to file his request through the appropriate administrative avenues with the CDCR. And of course, CDCR officials cannot violate Plaintiff's Eighth Amendment rights. But at this time Plaintiff has failed to establish that transportation by bus would violate his rights. Consequently, the Court finds no grounds to issue a writ ordering a specific mode of transportation and instead defers to the judgment of the CDCR in transporting Plaintiff for his February 25, 2019 trial.

Plaintiff is cautioned that his refusal to appear for trial on February 25, 2019, if unwarranted, may result in the dismissal of his case for failure to prosecute under Fed. R. Civ. Pro. 41(b). *See, e.g.*, *Hernandez v. Whiting*, 881 F.2d 768 (9th Cir. 1989).

For the reasons set forth above, Plaintiff's Motion (ECF No. 353) is DENIED.

IT IS SO ORDERED.

Dated: February 16, 2019

Troy L. Nunley
United States District Judge